# (February 14, 1967)

■ In the Matter of SANTO R. SGARLATO, JR., an Attorney, Respondent. SOLOMON A. KLEIN, Petitioner.— This is a proceeding to discipline respondent, an attorney at law, for professional misconduct based on 29 charges, many of which involve a number of specifications. The Justice of the Supreme Court to whom the issues were referred has held extensive hearings and has filed his report. He found that charges 1, 10, 11, 18, 22, 24 and 26 were sustained and that the other charges were not sustained. Petitioner now moves to confirm the findings as to the charges thus reported as sustained and to disaffirm the findings as to charges 2, 3, 7, 8, 9, 14, 17 and 29, making no application with reference to the findings as to charges 6, 12, 15, 16, 19, 20, 21, 25, 27 and 28. He has conceded that charges 4, 5, 13 and 23 were not established. Respondent cross-moves to disaffirm the report with respect to the charges found therein to have been sustained and to confirm the report as to the remaining charges. As to charges 1, 11, 22, 24 and 26, the findings that they were sustained are confirmed. Charge 1 was that respondent, retained as attorney on behalf of infant claimants to recover damages for personal injury, compromised their claims without court approval. Charge 11 was that respondent caused a client to execute a retainer agreement in which the name of the attorney was left blank and thereafter accepted it and acted thereunder. Charge 22 was that respondent, in the years 1956 through 1959, did not file statements of retainer in contingent fee negligence matters. The evidence indicates that during the years in question he failed to file at least 60 statements of retainer. Charge 24 was that respondent, in the years 1956 through 1961, failed to maintain proper books and records of his transactions with clients. Charge 26 was that respondent, from October, 1955 to June, 1960, failed to maintain a separate trust account for the deposit of clients' and escrow funds and commingled such funds with his own money. As to charges 10 and 18, the findings that they were sustained are confirmed and we make additional or different findings as to certain evidentiary matter

supporting such findings, as stated below. Charge 10 was that in the period from January 1, 1956 to June 30, 1960 respondent deceived this court by knowingly filing numerous statements of retainer in contingent fee negligence matters which misstated the agreed terms of his compensation. While we agree with the Justice's incidental finding that an intent to deceive was not proved, we believe that respondent's conduct indicated a reckless disregard of the pertinent rule of this court. Charge 18 was that respondent employed lay persons to solicit individuals having negligence claims to retain him as their attorney. The Justice sustained this charge on the basis of only one of the six matters involved in this charge, the Palefsky matter. We confirm the finding not only on the basis of that matter but also the Cannano and the John Barone matters. As to charges 2, 3, 7, 8, 9, 14, 17 and 29, the findings that they were not sustained are disaffirmed and we find that these charges were sustained, except that charges 8, 9 and 29 were sustained in part. Charge 2 was that respondent, representing infant clients, defrauded the infants by taking excessive fees without court approval. We find this charge sustained in that, regardless of the fact that in some cases the fee might not have been excessive, respondent failed to obtain court approval for the fees. In any event, we also find that with respect to three clients, the two De Marco infants and the Hanson infant, respondent received an excessive fee, the equivalent of 50% of the settlements. Charge 3 was that respondent defrauded infant clients by paying money, out of settlements of their claims, to third persons without court approval. This charge must be sustained, in that it was conceded that in two instances respondent had paid moneys out of infants' settlements, without court approval, to a physician who had rendered services in connection with the infants' claims. Charge 8 was that respondent received $797 for the purpose of paying medical expenses incurred by his clients, which moneys he deposited in his own account and diverted to his own use. Charge 9 was that respondent received $300 from certain clients over a period of time to be held in escrow and that he diverted these funds to his own use. In our opinion, the evidence sustains these two charges to the extent that respondent improperly commingled his clients' funds with his own. Charge 14 was that respondent accepted retainers from clients and acted as their attorney when the interests of such clients were in conflict. In our opinion, the evidence sustains the charge with regard to the specification involving the Di Tucci accident of May 9, 1957. Charge 29 was that respondent obstructed the judicial inquiry by knowingly giving false, misleading and perjurious testimony before the Additional Special Term. In our opinion, in the incidents designated 1, 3 and 4 in the Justice's consideration of this charge respondent gave false and misleading testimony in an apparent attempt to obstruct the Judicial Inquiry. To this extent the charge is sustained. The evidence clearly proved charges 7 and 17. Charge 7 was that respondent knowingly caused a complaint in an action to be prepared, verified and served, in which it was falsely alleged that one of the plaintiffs had been appointed guardian ad litem of the two infant plaintiffs. Charge 17 was that respondent made a valuable gift to an insurance company adjuster with intent to influence his actions. Accordingly, petitioner's motion is granted with respect to charges 1, 2, 3, 7, 10, 11, 14, 17, 18, 22, 24 and 26; is granted with respect to charges 8, 9 and 29 only to the extent indicated; and is otherwise denied; and respondent's cross motion is denied insofar as it is with respect to these 15 charges and is otherwise granted. In mitigation of the discipline to be imposed upon respondent, we have considered the absence of any complaints by his clients, the fact that almost all the proved misconduct occurred prior to 1960, and the absence of any charges in the intervening years. Accordingly,

respondent is suspended from the practice of law for a period of two years, commencing March 6, 1967. Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.